PEOPLE *v.* ENGLE.

INTOXICATING LIQUORS—EVIDENCE—SUFFICIENCY.

 In a prosecution for the illegal sale of intoxicating liquor, where defendant admitted that he sold a bottle of liquid, but denied that it was intoxicating, evidence that said liquid was apple jack, and that it was intoxicating, *held*, sufficient to sustain conviction.

Exceptions before judgment from Jackson; Williams (Benjamin), J. Submitted October 11, 1923. (Docket No. 132.) Decided November 13, 1923.

William Engle was convicted of violating the liquor law. Affirmed.

*John F. Henigan* and *George A. Henigan,* for appellant.

*John Simpson,* Prosecuting Attorney, and *Harry E. Barnard,* Assistant Prosecuting Attorney, for the people.

SHARPE, J. The defendant reviews on exceptions before sentence his conviction on a charge of unlawfully selling intoxicating liquor to one George Lovewell. That defendant sold a quart of liquid to Lovewell, for which he was paid $8, is admitted by defendant's counsel. The question raised is that there was not competent proof to show that the liquid was "apple jack," as charged in the information. Lovewell testified that one Smith in his presence telephoned to some person that he, Lovewell, wanted to buy a quart of apple jack; that a few minutes later defendant came where they were and produced a quart bottle filled with liquid; that he warned them "to be careful, because the police department and also the sheriff's department were watching him;" that "this bottle of apple jack was concealed in his clothing;" that he asked Lovewell to sample it. "Engle said the price of the apple jack was eight dollars ($8.00)," and this Lovewell paid to him. Lovewell delivered the bottle to a police officer, and he turned it over to the prosecuting attorney. A chemist received a bottle from the prosecuting attorney, and after analysis testified that it contained "apple jack, and that it was an intoxicating beverage," containing 33.06 per cent. of alcohol by volume. When the bottle was produced in court, Lovewell testified that it was the same bottle he had received from defendant. While there is no proof that there was no change in the contents of the bottle after it was received by the prosecuting attorney before delivery by him to the chemist, we think there was

sufficient proof that it contained apple jack when delivered by defendant to Lovewell and that apple jack is an intoxicating beverage. No testimony was offered by the defendant, and the statement of his counsel that defendant claimed the bottle contained sweetened water and vinegar had nothing to support it.

The conviction is affirmed. The trial court will proceed to sentence.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.